# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2021

Lyle W. Cayce
Clerk

No. 20-40565
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Alfredo Escobedo, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-1139-1

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Alfredo Escobedo, Jr., contests the revocation of his supervised release imposed for three convictions related to his transportation of illegal aliens. He asserts the district court plainly erred by revoking such release based, in part, on a finding that he committed five technical violations of a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40565

GPS-monitoring condition that was not made a part of his supervised release but was a condition only of his release on bond, pending the revocation hearing.

Escobedo (as he acknowledges) did not raise this issue in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Escobedo must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, our court has the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Assuming Escobedo has shown a clear-or-obvious error, he has failed to establish that, but for the claimed error, the court would not have revoked his supervised release. *See* 18 U.S.C. § 3583(e) (modification of conditions or revocation); *Puckett*, 556 U.S. at 135 (explaining that, for a plain error to affect substantial rights, defendant "must demonstrate that it affected the outcome of the district court proceedings" (citation omitted)).

First, in addition to the violations of the GPS-monitoring condition, the court also determined Escobedo: committed an aggravated assault with a deadly weapon against his stepmother, a new law violation; disobeyed the condition of his supervised release that he refrain from using drugs; and failed to comply with a mental-health treatment condition. Any of these violations would have justified the decision to revoke Escobedo's supervised release. *See* § 3583(e). Further, Escobedo cites no authority to support his contentions that: the court's finding five technical violations of the GPS monitoring condition unfairly stigmatized him; or this could hypothetically

2

No. 20-40565

negatively impact his future ability to receive probation, supervised release, or bond.

AFFIRMED.